**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
CLIFFORD ACREE, et al.,        )
                               )
        Plaintiffs,            )
                               )
    v.                         )
                               )
REPUBLIC OF IRAQ, et al.,      )
                               )   Civil Action No. 02-632 (RWR)
        Defendants,            )
                               )
    and                        )
                               )
UNITED STATES OF AMERICA,      )
                               )
        Intervenor.            )
_____)
```

**MEMORANDUM ORDER**

Plaintiffs move for relief under Federal Rule of Civil Procedure 60(b)(6), requesting that their action "be re-opened for a hearing on the causes of action pled in Plaintiffs' suit and not considered and decided by the court of appeals." (Pls.' Mot. for Relief under Fed. R. Civ. P. 60(b)(6) ("Pls.' Mot.") at 3.)  Plaintiffs, 17 American soldiers joined by their close family members, originally filed suit in 2002 against the Republic of Iraq, Saddam Hussein, and the Iraqi Intelligence Service asserting a cause of action under Section 1605(a)(7) of the Foreign Sovereign Immunities Act and seeking relief for injuries arising from their captivity as prisoners of war in Iraq during the Gulf War.  Following the defendants' failure to appear, default judgment was entered in favor of the plaintiffs.

- 2 -

See <u>Acree v. Republic of Iraq</u>, 271 F. Supp. 2d 179 (D.D.C. 2003). Two weeks later, the United States filed a motion to intervene solely to challenge the court's subject matter jurisdiction based upon legal developments that had occurred 75 days earlier. Noting that the government offered no explanation for its substantial delay, and adversely assessing each interest the government claimed in seeking to intervene as of right, a memorandum opinion and order denied the motion. See <u>Acree v. Republic of Iraq</u>, 276 F. Supp. 2d 95, 99-101 (D.D.C. 2003). The United States appealed, and the court of appeals took three actions. The court reversed the order denying the government's motion and allowed the government to intervene, <u>Acree v. Republic of Iraq</u>, 370 F.3d 41, 50-51, 60 (D.C. Cir. 2004) ("<u>Acree III</u>")[1]; held that the district court properly exercised subject matter jurisdiction, <u>id.</u> at 43, 48, 57-58; and vacated the judgment and dismissed the complaint for failure to state a cause of action. <u>Id.</u> at 43, 49, 60. In so doing, it explicitly declined to remand the case to the district court. <u>Id.</u> at 59. Plaintiffs unsuccessfully sought certiorari to the United States Supreme Court. See <u>Acree v. Republic of Iraq</u>, 544 U.S. 1010 (2005).

---

[1] Curiously, the court did not address the individual adverse assessments made below of the government's asserted interests in intervention or discuss how each was faulty, but the court did cite more than thrice the magnitude of the damages award, <u>id.</u> at 43, 45, 58, 60, which would be insulated from appellate review without granting the intervention motion. <u>Id.</u> at 50.

- 3 -

In support of their motion in this court to re-open the case, plaintiffs urge that "[a] trial court enjoys a large measure of discretion in deciding whether to grant or deny a 60(b) motion."  (Pls.' Reply to U.S.'s Opp'n to Pls.' Mot. ("Pls. Reply") at 3 (citing Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C. Cir. 1987)).)  That is ordinarily true, but here, the court of appeals vacated the judgment of this court and dismissed the case in its entirety.  The cases plaintiffs cite in support of their Rule 60 motion do not stand for the proposition that a district court has the authority to reinstate and re-open a complaint that has been dismissed by the court of appeals absent an order by that higher court remanding the case.  The cases actually seem to support the opposite proposition.  (See, e.g., Pls.' Reply at 13 (citing Mosher v. Speedstar Division of AMCA Int'l, Inc., 52 F.3d 913, 917 (11th Cir. 1995) (noting that the district court had "authority to modify its prior ruling[] to conform to authoritative changes in the law" when the appellate court reversed and *remanded* the case); CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 46 F.3d 1211, 1215 (1st Cir. 1995) (explaining that a district court, upon *remand*, did not err in deciding that because of "a clear and contrary change in the law applicable to the case[,] . . . the law of the case presumption is overcome") (internal quotations omitted)).)

Here, the court of appeals made clear that it was vacting the judgment in favor of the plaintiffs and dismissing the complaint. See Acree III, 370 F.3d at 43, 49, 60. Because the appellate court decided to dismiss the case and did not remand it, this court has no complaint before it about which to consider a Rule 60 motion. The plaintiffs' motion must be denied as moot. Accordingly, it is hereby

ORDERED that the plaintiffs' motion [48] be, and hereby is, DENIED AS MOOT.

This is a final order.

SIGNED this 17th day of July, 2008.

/s/
RICHARD W. ROBERTS
United States District Judge