**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
CLIFFORD ACREE, et al.,        )
                               )
        Plaintiffs,            )
                               )
        v.                     )    Civil Action No. 02-632 (RWR)
                               )
REPUBLIC OF IRAQ, et al.,      )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM ORDER**

Plaintiffs, former prisoners of war in Iraq during the Gulf War and their family members, move under § 1083(c) of the National Defense Authorization Act for Fiscal Year 2008 ("NDAA"), Pub. L. No. 110-181, 122 Stat. 338, to reinstate the final judgment issued on July 7, 2003 against defendants Republic of Iraq, Saddam Hussein, and the Iraqi Intelligence Service. Plaintiffs' complaint alleged that jurisdiction over the Iraqi defendants was proper under 28 U.S.C. § 1607(a)(7), the terrorism exception of the Foreign Sovereign Immunities Act ("FSIA"). After the Iraqi defendants defaulted, a final default judgment was entered against them. On appeal brought by the United States, as an intervenor-defendant, the D.C. Circuit held that the plaintiffs failed to state a cause of action against the Iraqi defendants, vacated the judgment entered against the

- 2 -

defendants, and dismissed the plaintiffs' complaint. <u>Acree v. Republic of Iraq</u>, 370 F.3d 41, 60 (D.C. Cir. 2004).

The plaintiffs allege that Executive Order 13,491, 74 Fed. Reg. 4893 (Jan. 22, 2009)[1] rescinds President Bush's waiver of the provisions of § 1083 with respect to Iraq and authorizes the district court to reinstate judgment under § 1083(c).  The United States and the Iraqi defendants contend that the district court lacks jurisdiction over the plaintiffs' motion.  They argue in the alternative that to the extent that there is jurisdiction to consider the plaintiffs' motion, Executive Order 13,491 had no effect on President Bush's waiver of § 1083 with respect to claims against Iraq and the plaintiffs are not entitled to relief.[2]

"Section 1083 of the NDAA amended the terrorism exception to immunity [under] the FSIA, creating a new § 1605A."  (Pls.' Mot.

---

[1] Executive Order 13,491, entitled "Ensuring Lawful Interrogations," sets "[s]tandards and [p]ractices" for interrogation of persons in the custody of the United States in armed conflicts and rescinds Executive Order 13,440, 72 Fed. Reg. 40,707 (July 20, 2007) and "[a]ll executive directives, orders, and regulations inconsistent with" Executive Order 13,491.  74 Fed. Reg. at 4893.

[2] Executive Order 13,491 also authorizes "the Attorney General [to] provide guidance about which directives, orders, and regulations are inconsistent with this order."  72 Fed. Reg. at 4893.  In its opposition to the plaintiffs' motion, the United States alleges that "it is the position of the United States and the Department of Justice that President Bush's waiver of Section 1083's provisions is unaffected by Executive Order 13,491." (United States' Opp'n at 5 n.2.)

- 3 -

under § 1083(c) of the NDAA ("Pls.' Mot.") at 2.)  Section 1083(c) provides that, for eligible plaintiffs, "on motion made by plaintiffs' to the United States district court where the action was initially brought," a judgment entered under 28 U.S.C. § 1605(a)(7) "shall be given effect as if the action had originally been filed under" 28 U.S.C. § 1605A(c).  The NDAA also expressly provided that the President could "waive any provision of [§ 1083] with respect to Iraq" under certain conditions. § 1083(d)(1), 122 Stat. at 343-44.  On January 28, 2008, President Bush exercised his authority under § 1083(d) to "waive all provisions of section 1083 of the [NDAA] with respect to Iraq and any agency or instrumentality thereof."  Presidential Determination No. 2008-9, 73 Fed. Reg. 6571 (Feb. 5, 2008).

Under the longstanding mandate rule, "[t]he district court ha[s] no 'power or authority to deviate from the [court of appeals'] mandate.'"  Role Models America, Inc. v. Geren, 514 F.3d 1308, 1311 (D.C. Cir. 2008) (quoting Briggs v. Pa. R.R. Co., 334 U.S. 304, 306 (1948)).  Because the court of appeals has vacated the judgment and dismissed the complaint without remanding it back to the district court, see Acree, 370 F.3d at 60, this court has no jurisdiction to entertain the plaintiff's motion to reinstate the judgment.  Thus, the plaintiffs' motion will be denied for lack of jurisdiction.  Accordingly, it is hereby

- 4 -

ORDERED that the plaintiffs' motion [54] under § 1083 of the NDAA be, and hereby is, DENIED.

SIGNED this 18th day of September, 2009.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```